KATHY J. HUANG (Bar No. 240677)
kathy.huang@alston.com
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000

TRACY YAO (Bar No. 323816)
tracy.yao@alston.com
**ALSTON & BIRD LLP**
55 2nd Street, Suite 2100
San Francisco, CA 94105
Telephone: (415) 243-1000

JONATHAN D. PARENTE (*pro hac vice* forthcoming)
ANDREW A. ROBERTS (*pro hac vice* forthcoming)
jonathan.parente@alston.com
andrew.roberts@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000

*Counsel for Defendants Collectors Universe, Inc., d/b/a Professional Sports Authenticator and Collectors Holdings Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE LICHTMAN,<br><br>Plaintiff,<br><br>v.<br><br>COLLECTORS UNIVERSE, INC. and COLLECTORS HOLDINGS INC.,<br><br>Defendants. | Case No. ____________________<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

**<u>DEFENDANTS' NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Collectors Universe, Inc., which operates a division known as Professional Sports Authenticator, and Collectors Holdings Inc. file this Notice of Removal, removing this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California. Removal is proper for the following reasons. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) ("By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.").

**BACKGROUND**

1. On July 21, 2026, Plaintiff Steve Lichtman commenced an action against Defendants in the Superior Court of the State of California for the County of Orange, styled as *Steve Lichtman v. Collectors Universe Inc., d/b/a Professional Sports Authenticator et al.*, Case No. 30-2026-01587094-CU-BC-CJC (the "State Court Action"). A true and correct copy of the Complaint is attached as Exhibit A.

2. Plaintiff alleges that Defendants breached contractual obligations, made misrepresentations, and engaged in unfair practices, and he asserts that he suffered millions of dollars in damages as a result. *See, e.g.*, Ex. A, Compl. ¶¶ 74, 89.

3. Defendants have not been served with the Summons and the Complaint.

4. Defendants have not pleaded, answered, or otherwise appeared in the State Court Action.

**BASIS FOR REMOVAL**

**B. The Court Has Diversity Jurisdiction.**

5. Under 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction in civil actions (i) between citizens of different states and (ii) where the matter in controversy exceeds the sum or value of $75,000. Both requirements are satisfied here.

6. Plaintiff is a citizen of Florida. *See* Ex. A, Compl. ¶ 19.

7. No Defendant is a citizen of Florida, such that there is complete diversity.[1] Indeed, Collectors Universe, Inc. and Collectors Holdings Inc. are each Delaware corporations with their principal places of business in California. *See* Ex. A, Compl. ¶¶ 20, 21; *see also* 28 U.S.C. § 1332(c)(1) (outlining the citizenship of corporations).

8. Moreover, the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In particular, among other things, Plaintiff alleges that his damages are "believed to exceed five million dollars ($5,000,000)" and elsewhere claims that Defendants' alleged conduct has "artificially depressed" the market value of Plaintiff's "card collection by millions of dollars." *See* Ex. A, Compl. ¶¶ 74, 89.

**C. Defendants Have Met the Other Requirements for Removal.**

15. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(c)(3) because this Court sits in the federal judicial district embracing the Superior Court of the State of California for the County of Orange where the State Court Action was originally filed.

16. The forum-state defendant rule in 28 U.S.C. § 1441(b)(2) does not apply here, as Defendants have not been "properly joined and served." *Dechow v. Gilead Sciences., Inc.*, 358 F. Supp. 3d 1051, 1054 (C.D. Cal. 2019) ("The text of § 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served.").

17. Defendants have also satisfied all other procedural requirements for removal under 28 U.S.C. § 1446.

18. In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within 30 days of Defendants' receipt of the Complaint.

19. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly (i) serve this Notice of Removal on Plaintiff and (ii) file a copy of this Notice of Removal with the Superior Court of the State of California for the County of Orange.

[1] "In determining whether a civil action is removable" under the Court's diversity jurisdiction, the citizenship of the Doe Defendants "shall be disregarded." 28 U.S.C. § 1441(b)(1).

20. Defendants have not been served with the Summons and the Complaint, such that they cannot file "a copy of all process, pleadings, and orders served upon such…defendants" as contemplated by 28 U.S.C. § 1446(a). Even so, Defendants attach a true and correct copy of the Complaint as Exhibit A.

21. Defendants have not been served with the Summons and the Complaint, such that Section 1446(b)(2)(A) does not apply. Even so, all Defendants consent to the removal of the action.

22. If Plaintiff opposes removal, then Defendants request the opportunity to submit briefing, argument, and additional evidence to show why removal is proper. Defendants also reserve the right to amend or supplement this Notice.

23. By filing this Notice, Defendants have not waived—and instead, expressly reserve—their rights to assert any defense or objection to the Complaint, including (but not limited to) Plaintiff's failure to arbitrate claims and disputes as agreed.

## CONCLUSION

This Court has subject-matter jurisdiction over the Complaint under 28 U.S.C. § 1332(a), and removal is proper under 28 U.S.C. §§ 1441 and 1446.

Dated: July 30, 2026

KATHY J. HUANG
TRACY YAO
JONATHAN D. PARENTE
ANDREW A. ROBERTS

**ALSTON & BIRD LLP**

By: /s/ Tracy Yao
Tracy Yao

*Counsel for Defendants Collectors Universe, Inc., d/b/a Professional Sports Authenticator and Collectors Holdings Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 30, 2026, the foregoing document and all other supporting documents were electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to all counsel of record, and that the following counsel for Plaintiff were served by U.S. mail and e-mail:

LOEB & LOEB LLP
DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
TYLER D. DOWNING (SBN 339537)
tdowning@loeb.com
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067-4120
Telephone: 310-282-2000
Facsimile: 310-282-2200

By: */s/ Tracy Yao*
Tracy Yao

*Counsel for Defendants Collectors Universe, Inc., d/b/a Professional Sports Authenticator and Collectors Holdings Inc.*